---

## THE THOR.

(District Court, N. D. California, First Division. February 7, 1918.)

### No. 16232.

SEAMEN ☞24—WAGES—PART PAYMENT AT INTERMEDIATE PORTS—CONSTRUCTION OF STATUTE—"ONE-HALF PART OF WAGES THEN EARNED."

Under Seamen's Act March 4, 1915, c. 153, § 4, 38 Stat. 1165 (Comp. St. 1916, § 8322), which provides that at every port where a vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended, a seaman shall be entitled to payment of "one-half part of the wages which he shall have then earned," against the one-half part which he can then demand there must be charged all prior payments he has received.

In Admiralty. Suit by Olaf Olsen against the steamship Thor; Ole Hansen, claimant. Decree for respondent.

F. R. Wall, of San Francisco, Cal., for libelant.

Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for respondents.

DOOLING, District Judge. Libelant, a subject of Norway, shipped upon a Norwegian vessel for a period of 24 months. He served for about 17 months, and then, the vessel being in the port of New York, demanded of the master one-half of the wages which he had then earned, under the provisions of the Seamen's Act, and, the master declining to pay him anything, he left the ship. This action is for the full amount of the wages earned by him up to the time of his leaving the ship. The answer avers that he forfeited everything coming to him, because he deserted.

The provisions of section 4 of the Seamen's Act are made applicable to foreign vessels by the section itself, and the United States courts

are open to seamen for their enforcement. This section provides as follows:

"Every seaman on a vessel of the United States shall be entitled to receive on demand from the master of the vessel to which he belongs one-half part of the wages which he shall have then earned at every port where such vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended and all stipulations in the contract to the contrary shall be void: Provided, such a demand shall not be made before the expiration of, nor oftener than once in five days. Any failure on the part of the master to comply with this demand shall release the seaman from his contract and he shall be entitled to full payment of wages earned. And when the voyage is ended every such seaman shall be entitled to the remainder of the wages which shall then be due him, as provided in section forty-five hundred and twenty-nine of the Revised Statutes: Provided further, that notwithstanding any release signed by any seaman under section forty-five hundred and fifty-two of the Revised Statutes any court having jurisdiction may upon good cause shown set aside such release and take such action as justice shall require: And provided further, that this section shall apply to seamen on foreign vessels while in harbors of the United States, and the courts of the United States shall be open to such seamen for its enforcement."

The seaman is therefore entitled to demand, not oftener than every five days at any port where the vessel shall load or deliver cargo, one-half part of the wages which he shall have then earned. At the time libelant made the demands in New York, he had then earned, as appears from the libel, the sum of $521.32, and had been paid $357, leaving then unpaid $164.32. If he had already been paid more than he could claim under the Seamen's Act, the master was entitled to refuse to pay him anything more, and in leaving the ship because of such refusal he was a deserter, and his present libel must fail. If, however, he were at that time entitled to one-half of the wages that were still unpaid, he was within his rights in leaving the ship, upon the master's refusal to pay him, and the present libel may be maintained.

The failure or maintenance of his action, therefore, depends upon the meaning of the words "one-half part of the wages which he shall have then earned," and the method of computation by which such half part shall be ascertained. Libelant contends that the correct method contemplated by the statute is to deduct from the total amount earned the amount already received by the seaman and divide the remainder by 2. This method applied to the case at bar would entitle the libelant to demand $82.16, that being one-half of the wages earned and still unpaid. Respondent contends that the correct method of ascertaining "the one-half part of the wages then earned," and which the seaman is entitled to demand, is to divide the total amount earned by 2, and deduct from the quotient the amount already paid. If this method be applied to the instant case, the result would show that the seaman was not entitled to anything under the act at the time he made the demand, but had already been paid $91.34 more than he could rightfully claim.

Some courts have adopted the former method of computation, and others the latter. The Circuit Court of Appeals for the Third Circuit, in the case of The London, 241 Fed. 863, 154 C. C. A. 565, construing this statute, states the rule to be:

"That when a vessel arrives at any port of loading or discharge the seaman is entitled to be paid one-half of the wages he has up to that time earned, and that against such one-half which he can demand there must be charged all prior payments he has received."

This I think is the proper construction of the act. If in the present case libelant had been paid one-half the amount still unpaid at the time he made his demand, he would have received in all $439.16 out of $531.32, or more than five-sixths, instead of one-half, of the wages then earned.

As the libelant was not entitled to demand anything, his leaving the ship was desertion, and the libel will therefore be dismissed.